1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **American Family Mutual Insurance Company,** | ) ) ) | |
| **Plaintiff,** | ) ) | **2:12-cv-00708 JWS** |
| **vs.** | ) ) | **ORDER AND OPINION** |
| **Homebuyer Group LLC; Barry Luchtel; Landon Luchtel; Chris and Belinda Wiens; Wiens Construction, Inc.,** | ) ) ) ) ) | |
| **Defendants.** | ) ) ) | **[Re: Motion at Docket 29]** |

## I.  MOTION PRESENTED

Plaintiff American Family Mutual Insurance Company ("American Family" or "plaintiff") filed a complaint, pursuant to the federal Declaratory Judgment Act, seeking a

-1-

declaration regarding insurance coverage issues as they relate to a civil liability case in

Arizona state court between defendants Homebuyer Group LLC, Barry Luchtel, and

Landon Luchtel (collectively "Luchtel defendants"), who are defendants in the state

court case, and defendants Chris and Belinda Wiens and Wiens Construction, Inc.

(collectively "Wiens defendants"), who are the plaintiffs in the state court case.  At

docket 29, the Wiens defendants filed a motion to dismiss American Family's

declaratory judgment action, arguing that the court should decline to exercise its

discretionary jurisdiction because it would result in needless determination of state law

issues and unnecessary entanglement between federal and state court systems.

American Family opposes at Docket 32, and the Wiens defendants reply at docket 33.

Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

The Wiens defendants filed a lawsuit in Maricopa County Superior Court, case

No. CV2010-096754 ("State Lawsuit"), against the Luchtel defendants, as well as Kayak

Fund, LLC, Luchtel Organization, and Luchtel Investments, LLC, alleging false light

invasion of privacy, invasion of privacy, intentional infliction of emotional distress,

negligent infliction of emotional distress, negligence, defamation per se, and outrage

based on alleged pornographic and defamatory internet postings about the Wiens

defendants.[1]  The Wiens defendants allege in the State Lawsuit that in December of

2007, after a construction contract between the parties went badly and resulted in a

dispute, Barry Luchtel and the Luchtel Organization obtained the internet domain names

_____

[1]Doc. 29-1.

"wiensconstruction.com" and "chriswiens.com," and linked those websites to pornographic images.  They also allege that the Luchtel defendants made fraudulent complaints about the Wiens defendants on the internet in May of 2008.  Relatedly, the State of Arizona charged Barry Luchtel with computer tampering in connection with the above-referenced internet postings.[2]  Barry Luchtel pleaded guilty to attempted computer tampering on May 17, 2010.

At the time the Luchtel defendants are alleged to have engaged in tortious conduct, Barry Luchtel had a homeowner's insurance policy in effect issued by American Family ("Homeowner Policy") and Homebuyer Group LLC had a businessowner's policy in effect issued by American Family ("Businessowner Policy"). The Luchtel defendants tendered the defense of the State Lawsuit to American Family under both the Businessowner Policy and the Homeowner Policy.  American Family informed the Luchtel defendants that it would provide a defense under the Businessowner Policy with a reservation of rights to deny coverage and that there was no coverage under the Homeowner Policy for the claims asserted against them in the State Lawsuit.

American Family subsequently filed the federal complaint seeking a declaration that the Homeowner Policy and the Businessowner Policy do not provide coverage for the claims asserted in the State Lawsuit; that American Family is not required to defend

---

[2]*State v. Luchtel*, Maricopa Country Superior Court, Case No. 2009-141038.

the Luchtel defendants, and that it is not required to indemnify the Luchtel defendants.

The complaint also seeks an award of attorneys' fees and costs.[3]

The Wiens defendants filed this motion to dismiss, arguing that the court should abstain from exercising jurisdiction because of the pending State Lawsuit.  American Family argues that the court should retain jurisdiction because the declaratory judgment action presents policy coverage issues that are separate and distinct from the liability issues in the pending State Lawsuit.

### III.  STANDARD OF REVIEW

On a motion to dismiss, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the pleader.[4] Generally, the court may not consider material other than the facts alleged in the complaint.[5]  However, the court may rely on undisputed matters of public record.[6] Because the Wiens defendants' complaint in the State Lawsuit has been filed with the Superior Court in and for the County of Maricopa, it is a matter of public record, and the court can rely on it in deciding whether to maintain or decline jurisdiction.

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration."[7]  Given this permissive language, federal district courts have discretion under the Declaratory

---

[3]Doc. 19.

[4]*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

[5]*Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

[6]*Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001).

[7]28 U.S.C. § 2201(a) (emphasis added).

Judgment Act to determine whether to maintain jurisdiction over an action for declaratory relief.[8]  The outer boundaries of the court's discretion is not clearly defined, but the court may not decline jurisdiction on a whim; instead, it must make the decision in a manner that furthers the Declaratory Judgment Act's purpose of fostering judicial economy and cooperative federalism.[9]

## IV.  DISCUSSION

As noted above, courts have broad discretion to dismiss a federal declaratory judgment action, especially when the issues can be better settled in a pending state court proceeding.[10]  In this case, there is a pending state court proceeding, but the existence of pendant state action does not automatically bar request for federal declaratory relief.[11]  Instead, when determining whether to exercise discretion to dismiss the action, the court must look primarily to three factors set forth in *Brillhart v. Excess Insurance Company of America*:[12] (1) avoiding needless determination of state law issues; (2) discouraging forum shopping; and (3) avoiding duplicative litigation.[13]  While these three factors are the "philosophic touchstone" for such analysis, courts may

--------

[8]*See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (1998) ("[T]he Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (Reed, J., concurring))).

[9]*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

[10]*Id.*

[11]*Dizol*, 133 F.3d at 1225.

[12]316 U.S. 491 (1942):

[13]*See R.R. Street*, 656 F.3d at 975.

consider a number of other factors.[14]  In the Ninth Circuit, other possibly relevant factors

include whether the declaratory action will settle all aspects of the controversy; whether

the declaratory action will serve a useful purpose in clarifying the legal relations at

issue; whether the declaratory action is being sought merely for procedural fencing;

whether the use of declaratory judgment action will result in entanglement between the

state and federal court systems; the convenience of the parties; and the availability of

other remedies.[15]

        The Wiens defendants argue that the court should apply a presumption in favor

of abstention.  In the context of insurance cases, there is no presumption in favor of

abstention.[16]  There is, however, a presumption that the case should be heard in state

court "[i]f there are parallel state proceedings involving the *same issues and parties*

pending at the time the federal declaratory action is filed."[17]  In this case, while the

cases are parallel to the extent that they arise from the same factual circumstances,

they do not involve the same issues or parties: the issues in the State Lawsuit involve

the Luchtel defendants' tort liability, not insurance coverage, and American Family is not

a party in the State Lawsuit.  Thus, the presumption does not apply.  Indeed, '"there is

no per se rule against the district court exercising its jurisdiction to resolve an insurance

coverage dispute when the underlying liability suit is pending in state court."[18]  But this

_____

[14]*Dizol*, 133 F.3d at 1225; *R.R. St. & Co. Inc.*, 656 F.3d 966.

[15]*Dizol*, 133 F.3d at 1225 n.5.

[16]*Id.* at 1225.

[17]*Id.* (emphasis added).

[18]*Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994).

assumes that "the coverage issue in the federal action [is] not contingent on any further state court proceedings."[19]  In other words, while there is no presumption in favor of abstention, the court should nonetheless refrain from exercising its jurisdiction if resolving the insurance coverage questions requires the court to determine a "disputed question of fact that is at the heart of the underlying tort action."[20]

## A. Avoiding needless determination of state law issues

Under the first *Brillhart* factor, avoiding needless determination of state law issues, the court looks at whether the federal declaratory judgment action will require the court to determine unsettled issues of state law.[21]  In this case, American Family alleges that the Businessowner Policy and the Homeowner Policy do not provide coverage based on standard exclusions.  In the case of the Businessowner Policy, it claims that coverage is not warranted because of the intended injury exclusion, the criminal acts exclusion, the personal and advertising injury exclusion, the exclusion for punitive or exemplary damages, and because the conduct does not arise out of the Luchtel defendants' business.  As for the Homeowner Policy, it claims that coverage is not warranted because there is no bodily injury alleged or inflicted, and because of the intended injury exclusion, the abuse exclusion, the criminal acts exclusion, and the exclusion for punitive or exemplary damages.  An examination of the policy terms and the exclusions therein is a matter of contract interpretation and does not appear to raise

---

[19]*Am. Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999).

[20]*Allstate Ins. Co. v. Harris*, 445 F.Supp. 847, 849 (N.D. Cal. 1978).

[21]*Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F.Supp.2d 1109, 1118 (D. Alaska 1998) (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1227).

any novel or unsettled issues of state law.  The Wiens defendants argue that the issue of whether a misdemeanor crime, like the one Barry Luchtel pleaded guilty to in relation to the conduct at issue, is enough to trigger the criminal acts exclusion is an unsettled issue of law.  However, the Arizona Court of Appeals has held that a similar criminal acts exclusion in a homeowner's policy was unambiguous and included all criminal acts resulting in conviction.[22]  Therefore, there is no unsettled issue of state law that will need to be dealt with in the federal declaratory judgment action.

**B. Discouraging forum shopping**

An insurer is considered to be forum shopping if it files a federal declaratory judgment action at the same time the insurer is engaged in a state court action in the hopes that it might fare better in federal court.[23]  Such forum shopping is improper if the declaratory judgment action is reactive or defensive, meaning that the insurer files in federal court after it has already been sued in state court by either the injured third party or the insured.[24]  In this case, American Family was never named as a party in the State Lawsuit, and insurance coverage issues have not been raised in the State Lawsuit. Furthermore, the Wiens defendants allege no other factual basis to suggest that American Family filed the federal action to gain a tactical advantage.

---

[22] *Am. Family Mut. Ins. Co. v. White*, 65 P.3d 449, 453 (Ariz. Ct. App. 2003).

[23] *See Allstate Ins. Co. v. Davis*, 430 F.Supp.2d 1112, 1120-21 (D. Hawaii 2006) (citing *Krieger*, 181 F.3d at 1119).

[24] *Id.* (citing *Nat'l Chiropractic*, 23 F. Supp. 2d at 1117-18)).

**C. Avoiding duplicative litigation**

The federal declaratory judgment action and the underlying State Lawsuit arise from the same set of facts, and thus duplicative litigation is a possibility.  The court must consider whether the coverage issues depend on the same factual determinations being made in the State Lawsuit.  If they are, abstention may be warranted.

American Family's declaratory judgment complaint raises two issues for the court to decide: whether it has a duty to defend and whether it has a duty to indemnify under either of the two insurance policies.  These are distinct duties.[25]  Under Arizona law, the duty to defend is determined by looking at the face of the complaint to see if it alleges facts which come within the scope of the liability policy.[26]  Therefore, in determining American Family's duty to defend, the court will only look to the facts alleged in the state complaint to see if those facts, whether true or false, fall within the scope of American Family's coverage obligations.  In other words, the court will not need to resolve disputed facts that reflect on the Luchtel defendants' ultimate liability and thus the duty to defend does not turn on factual disputes that are also being litigated in the State Lawsuit.

As to the duty to indemnify, there may be some overlapping factual determinations, depending on what policy exclusion or terms the court is reviewing.[27]  For example, when reviewing the criminal acts exclusion, there will be no overlapping

---

[25] *See INA Ins. Co. of N. Am. v. Valley Forge Ins. Co.*, 722 P.2d 975, 982 (Ariz. Ct. App. 1986).

[26] *Kepner v. W. Fire ins. Co.*, 509 P.2d 222, 224 (Ariz. 1973).

[27] The policies are located at docs. 32-1, 32-2, and 32-3.

-9-

factual determinations that overlap with those determinations in state court.  It is undisputed that Barry Luchtel pled guilty to misdemeanor computer tampering in relation to the conduct at issue.  The court will only need to interpret the policy exclusion as it applies to that undisputed fact.  In contrast, some of the other exclusions, such as the intended injury exclusions in either policy, the abuse exclusion in the Homeowner's policy, and the advertising injury in the Businessowner's policy require the court to make factual findings about the nature of the Luchtel defendants' conduct, which also must be resolved in the underlying State Lawsuit.  In other words, in order for the court to apply the policy terms to the Luchtel defendants' conduct, it needs to consider whether they acted with the requisite intent or knowledge as required under the various exclusions, and the extent of the Luchtel defendants' intent and knowledge goes to the heart of the underlying State Lawsuit.  There could also be overlapping factual determinations if the court has to decide the coverage issue based on whether the alleged conduct arises out of the Luchtel defendant's business or based on whether there was any bodily injury suffered.  Therefore, depending on what exclusions or policy terms the court needs to interpret to resolve the coverage issues, it may have to decide facts also being decided in the State Lawsuit, which would result in duplicative litigation.

However, as American Family points out, abstention based on these overlapping factual determinations does not necessarily prevent duplicative litigation and save judicial resources.  The State Lawsuit does not and will not address the issue of coverage, and thus, if this court were to deny jurisdiction, American Family would have to bring a similar coverage action in state court instead.  And, in the event of a subsequent state court case regarding insurance coverage, under Arizona law the

parties would not be estopped from relitigating the intent issues in the subsequent

coverage case.[28]  Thus, this court's denial of jurisdiction would not actually prevent

duplicative litigation as to the intent issues.

While the possibility of overlapping factual determinations could support the

court's denial of jurisdiction, the fact that the court may not need to decide coverage

issues based on these overlapping factual disputes and the fact that many of the factual

determinations would nonetheless have to be relitigated in a subsequent coverage case

in state court causes this court to conclude that this third *Brillhart* factor does not factor

so strongly as to require abstention.

**D. Other factors**

As for other factors that might weigh in the court's determination, there is no

factor that tips the scale heavily in favor of denying jurisdiction.  While the federal action

will not settle all aspects of the controversy, neither will the State Lawsuit, as coverage

is not an issue in that case.  The court cannot conclude that convenience is a relevant

factor because both the state court and the federal court are located in Maricopa County

and are readily accessible to the parties.  There is no specific allegation of procedural

posturing, and it does not appear that retaining jurisdiction will result in excessive

entanglement between state and federal court.  Instead, it is clear that the declaratory

judgment action will serve a useful purpose in clarifying the legal relations at issue.  In

sum, the factors do not weigh in favor of denying jurisdiction.

---

[28]*See Farmers Ins. Co. of Ariz. v. Vagnozzi*, 675 P.2d 703, 708 (Ariz. 1983) ("[W]here there is a conflict of interest between an insured and his insurer, the parties will not be estopped from litigating in a subsequent proceeding those issues as to which there was a conflict of interest, whether or not the insurer defended in the original tort claim.").

1

## V.  CONCLUSION

Based on the foregoing analysis, defendants' Motion to Dismiss at docket 29 is

HEREBY DENIED.

DATED this 12th day of December 2012.

_____
/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

-12-